IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

**MARYKAY MUTTERS-EDELMAN,**

      **Plaintiff,**

v.                 Case 1:20-cv-02455-STA-cgc

**TERRY ABERNATHY, KIMBERLY BOALS,**
**PEGGY BERRYMAN, KATHY BERRYMAN,**
**and TIMOTHY BAKER,**

      **Defendants.**

---

**REPORT AND RECOMMENDATION ON TERRY ABERNATHY'S MOTION TO DISMISS AMENDED COMPLAINT, KIMBERLY BOALS' MOTION TO DISMISS AMENDED COMPLAINT, AND PEGGY BERRYMAN, KATHY BERRYMAN, AND TIMOTHY BAKER'S MOTION TO DISMISS AMENDED COMPLAINT**

---

  Before the Court are the following motions: Defendant Terry Abernathy's ("Abernathy") Motion to Dismiss Amended Complaint (Docket Entry ("D.E." #25); Defendant Kimberly Boals' ("Boals") Motion to Dismiss Amended Complaint (D.E. #26); and Defendants Peggy Berryman, Kathy Berryman, and Timothy Baker's ("Baker") Motion to Dismiss (D.E. #38) (collectively "Defendants"). Pursuant to Administrative Order 2013-05, the instant motions were referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that the instant motions be GRANTED.

1

## I.     Introduction

### *a. Pleadings*

This action arises from Plaintiff's allegations that she is one of the rightful heirs to 132 acres of farmland and a homestead located on Chewalla Road in McNairy County, Tennessee (the "Property"). On June 25, 2020, Plaintiff filed a *pro se* Complaint against Abernathy, Boals, Peggy Berryman, Kathy Berryman, and Baker (collectively "Defendants"). (D.E. #1). On August 7, 2020, Plaintiff filed an Amended Complaint pursuant to Rule 15(a)(1). (D.E. #10). Plaintiff's Amended Complaint alleges that she resides in Benton, Arkansas, that all Defendants reside in McNairy County, Tennessee, that the amount in controversy is in excess of $75,000, that jurisdiction is proper for her state claims on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, and that jurisdiction is proper for her federal constitutional claims pursuant to 28 U.S.C. § 1331.

Plaintiff's Amended Complaint alleges as follows. On December 7, 1967, Brooks Derryberry "created an Estate by the Entireties in and to the entire interest in the Property . . . whereby he deeded his home and all real property to Rubye Derryberry and her heirs." (Am. Compl. ¶¶ 2-3 & Exh. 1) (the "Warranty Deed"). Brooks and Rubye Derryberry had no children. (Am. Compl. ¶ 14). Plaintiff is Brooks and Rubye Derryberry's niece. (Am. Compl. ¶ 14).

Rubye Derryberry died in 1970. (Am. Compl. ¶ 4). Brooks Derryberry then married his second wife, Hattie Baker, in 1983. (Am. Compl. ¶ 5). Plaintiff alleges that, after his remarriage to Hattie Baker, Brooks Derryberry made no change to the Warranty Deed, "as it was his and his former wife's . . . intent for their real property to pass to [Rubye Derryberry's] heirs only." (Am. Compl. ¶ 5). Brooks Derryberry died in 1997. (*Id.* ¶ 4). Plaintiff alleges that Rubye

2

Derryberry's heirs / remaindermen[1] took constructive possession of the Property and maintained constructive possession going forward. (*Id*. ¶ 4).

Hattie Baker died in 2015. (*Id*. ¶ 6). Thereafter, Plaintiff alleges that Peggy Berryman, Kathy Berryman, and Timothy Baker sought the assistance of Abernathy, an attorney, and Boals, the Clerk and Master of the McNairy County Chancery Court, "to unlawfully convey the real property to themselves" (*Id*. ¶ 6, 8). Plaintiff alleges that Defendants conspired to cause the unlawful removal of the Warranty Deed from the records of the McNairy County Courthouse and replaced it with an Executor's Deed with the notation "HATTIE BAKER ONLY HEIR." (*Id*. ¶¶ 1-2, 7-9, 11, 13). Plaintiff argues that this unlawful recording incorrectly reflects that Peggy Berryman, Kathy Berryman, and Timothy Baker, who are Hattie Baker's adult children, are the rightful owners of the Property. (*Id*.) Plaintiff alleges that, in an effort to conceal their unlawful activities, Abernathy and Boals "coached and aided" Peggy Berryman, Kathy Berryman, and Timothy Baker in the unlawful entry of two Quit Claim Deeds" whereby the Property was granted to Joshua Berryman and Anthony Berryman as tenants in common. (*Id*. ¶ 16). Although Plaintiff does not clearly identify these causes of action, it is RECOMMENDED that her Amended Complaint be construed to raise claims of fraud and civil conspiracy to commit fraud under Tennessee law.

Plaintiff alleges that "there was no Notice (Due Process) provided to Plaintiff or any of the remaindermen by the Defendants of any proceedings in any Court relating to the taking of their real property in McNairy County, Tennessee." (*Id*. ¶ 10). Plaintiff alleges that, on two

---

[1] Plaintiff's Amended Complaint does not name or otherwise identify the other alleged heirs / remaindermen.

3

occasions, Boals refused to allow Plaintiff to file the unprobated will of Brooks Derryberry in violation of her First Amendment rights. (*Id*. ¶¶ 20, 21). Plaintiff further alleges that Abernathy emailed her a letter threatening to interfere with her First Amendment rights to free speech and "to make filings in the Court" if she complained of his fraudulent activities. (*Id*. ¶ 22). Plaintiff alleges that Abernathy's conduct constitutes an effort to intimidate and harass her and to prevent her from exercising her constitutional rights. (*Id*.)[2]

Plaintiff's Amended Complaint seeks the following relief: (1) judgment against each Defendant for monetary damages; (2) judgment against Peggy Berryman, Kathy Berryman, and Baker "striking the fraudulent Executor's Deed and associated Quit Claim Deeds, or reference thereto from all records at the McNairy County Courthouse"; (3) judgment "reinstating the Warranty Deed" in the McNairy County records; (4) judgment "directing the McNairy County Register and McNairy County Chancery Court to immediate process Plaintiff's Affidavit of Ownership in the Real Property" and "to cause all records associated with this real property to reflect that Plaintiff is an heir to Rubye Derryberry and a remainderman," as reflected in the Warranty Deed. (*Id*. at PageID 36-37, ¶¶ 1-8).

---

[2] On October 7. 2020, without obtaining leave of court, Plaintiff filed a Second Amended Complaint. (D.E. #28). Defendants filed Motions to Dismiss Plaintiff's Second Amended Complaint (D.E. #29, #30, #31, #40), which the United States Magistrate Judge recommended be granted on March 19, 2021 (D.E. #50). On April 8, 2021, the District Court adopted the Magistrate Judge's Report and Recommendation over no objections. (D.E. #53).

On November 20, 2020, Plaintiff filed a Motion for Leave to File Third Amended Complaint. (D.E. #45), which the Magistrate Judge RECOMMENDED that this motion be denied. (D.E. #51). On April 8, 2021, the District Court adopted the Magistrate's Report and Recommendation over no objections. Accordingly, the Amended Complaint is the operative pleading in this case.

### b. *Motions to Dismiss Amended Complaint*

On September 21, 2020, September 24, 2020, and November 13, 2020, Defendants filed their Motions to Dismiss. The central issue in these motions pertains to whether Plaintiff's allegations in this Court have already been raised in McNairy County Chancery Court in *In re Hattie Faye Baker*, Number P-1252 (the "Underlying Case"), which is proceeding on appeal.[3] Defendants argue that, pursuant to the doctrine announced in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813-17 (1976) and its progeny, this Court should decline to exercise its jurisdiction. Abernathy and Boals also argue that the constitutional claims against them fail as a matter of law.

Defendants have filed multiple exhibits from the Underlying Case to demonstrate that the issues presented here are parallel to those being determined in state court. Defendants' exhibits show that Plaintiff became involved in the Underlying Case on October 7, 2019 when she filed a Motion to Set Aside Executor's Deed, Motion to Set Aside Quit Claim Deeds, and Complaint for Ejectment based upon the Warranty Deed. (Abernathy Mot. to Dismiss at Exh. A at PageID 131 & Exh. B; Boals Mot. to Dismiss, Exh. B at PageID 236-248). Plaintiff's Motion raised one overarching claim—that the terms of the Warranty Deed provided that the Property would pass

---

[3] At the time of the filing of Defendants' Motions to Dismiss, the Underlying Case was on appeal to the Tennessee Court of Appeals; however, on April 6, 2021, the Tennessee Court of Appeals issued its opinion affirming the decision of the trial court. *See In re Estate of Hattie Faye Baker*, No. W2020-00460-COA-R3-CV. This ruling is not necessarily final, and Rule 11 of the Tennessee Rules of Appellate Procedure governs the options available following the Tennessee Court of Appeals' ruling: "The application for permission to appeal shall be filed with the clerk of the Supreme Court within 60 days after the entry of the judgment of the Court of Appeals . . . if no timely petition for rehearing is file, or, if a timely petition for rehearing is filed, within 60 days after the denial of the petition or entry of the judgment on rehearing." Tenn. R. App. P. 11(b).

5

to Rubye Derryberry's heirs, of which she is one. (Abernathy Mot. to Dismiss at Exh. A at PageID 131 & Exh. B). Plaintiff separately sought injunctive relief pending the determination of who lawfully owned the Property. (Boals Mot. to Dismiss, Exh. C. at PageID 250-252).

Peggy Berryman, Kathy Berryman, and Baker filed a Motion to Dismiss Plaintiff's pleadings as a matter of law, which the McNairy County Chancery Court granted on February 18, 2020. (*Id*. at PageID 130, 132). On August 26, 2020, Plaintiff filed her appeal with the Tennessee Court of Appeals. (Abernathy Mot. to Dismiss at Exh. C, PageID 165-206). In the appeal, Plaintiff continued to argue that the Property should have passed to Rubye Derryberry's heirs. Specifically, in addition to one procedural issue, the questions presented were whether the lower court erred in its interpretation of the Warranty Deed and whether the lower court erred in failing to consider and make findings on the issues of fraud that caused the alleged theft of the Derryberry farm from the remaindermen. (*Id*. at PageID 166, 171).

Local Rule 12(b) provides that a "party opposing a motion to dismiss must file a response within 28 days after the motion is served." To date, Plaintiff has not filed a response.

**II. Analysis**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro

7

se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted).  District Courts "have no obligation to act as counsel or paralegal" to pro se litigants.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  District Courts are also not "required to create" a pro se litigant's claim for her.  *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### A. First Amendment Claims

Plaintiff's Amended Complaint alleges that Boals violated the First Amendment to the United States Constitution by twice refusing to allow her to file the unprobated will of Brooks Derryberry in the Underlying Case.  (Am. Compl. ¶¶ 20, 21).  Plaintiff also alleges that Abernathy threatened in a letter to interfere with her First Amendment right to free speech and right "to make filings in the Court" if she complained of his fraudulent activities to the court. Plaintiff alleges that Abernathy's actions constituted an effort to intimidate and harass her and prevent her from exercising her constitutional rights.  (*Id.* ¶ 22).

Plaintiff's Amended Complaint does not reference 42 U.S.C. § 1983 ("Section 1983"), which is the vehicle to redress violations of rights, privileges, or immunities secured by the Constitution.  *Michael v. Ghee*, 498 F.3d 372, 375 (6th Cir. 2007); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that Section 1983 "creates a right of action for the vindication of constitutional guarantees . . . ).  Even so, to successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of

8

state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs*, 316 F.3d at 590 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). It is RECOMMENDED that Abernathy, an attorney in the Underlying Case, is a private party against whom a Section 1983 claim fails.[4]

As to Boals, while she is a state actor as the Clerk and Master of McNairy County Chancery Court, it is "well established that . . . court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). When a plaintiff's claim "relates to an action performed by a Clerk within the scope of [her] quasi-judicial duties, this defendant is entitled to immunity." *Denman v. Leedy*, 479 F.3d 1097, 1098 (6th Cir. 1973). It has been held that the filing of documents by a court clerk are an "integral part of the judicial process" and that a clerk is entitled to immunity for her "alleged refusal to file pleadings." *Dwight Mitchell v. Wilson Taylor*, No. 3:18-cv-01023, 2019 WL 5692147, at *2 (M.D. Tenn. Nov. 4, 2019) (citing *Patrick McCarthy v. Corbin R. Davis*, No. 11-15651, 2012 WL 1570858, at *3 (E.D. Mich. May 3,

---

[4] The Sixth Circuit does recognize three tests for determining whether private conduct is fairly attributable to the state: (1) the public function test, which requires that the private entity exercise powers which are traditionally reserved for the state; (2) the state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state; and, (3) the nexus test, which requires a sufficiently close relationship, such as through state regulation or contract, between the state and the private actor so that the action may be attributed to the state. *Tahfs*, 316 F.3d at 591 (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)). The United States Supreme Court has held that a lawyer "does not act under color of state law when performing a lawyer's traditional functions as counsel . . ." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Thus, it is RECOMMENDED that Plaintiff's Amended Complaint contains no allegations that Abernathy's conduct is fairly attributable to the state.

2012); *Harris v. Suter*, 3 Fed. Appx. 365, 366 (6th Cir. 2001)).  Accordingly, it is RECOMMENDED that Boals is entitled to immunity for any First Amendment claims raised against her pursuant to Section 1983.

### B.  Due Process Claims

Plaintiff also alleges that there was "no Notice (Due Process) provided to Plaintiff or any of the remaindermen by the Defendants of any proceedings in any Court relating to the taking of their real property in McNairy County . . . ."  Plaintiff does not mention either Section 1983 or the Fourteenth Amendment to the United States Constitution, the latter of which provides that a State shall not "deprive any person of life, liberty, or property without due process of law . . . ." U.S. Const. amend. XIV.

As set forth above, Plaintiff does not allege how Abernathy, Peggy Berryman, Kathy Berryman, or Timothy Baker had any role in what notice was provided by the Court.  Further, Abernathy is not a state actor and, thus, a Section 1983 claim against him for a violation of the Fourteenth Amendment must fail.  Likewise, there are no allegations that Peggy Berryman, Kathy Berryman, or Timothy Baker are state actors, so such claims against them must also fail. Finally, although Boals is a state actor as a court clerk, she is entitled to immunity for performing judicial functions such as providing notice of court proceedings.  Accordingly, it is RECOMMENDED that Plaintiff's due process claims fail as a matter of law.

### C.  State Law Claims

Plaintiff's Amended Complaint does not explicitly state a claim under state law relating to what she believes to be the unlawful property transfer; however, it has been

RECOMMENDED, *supra*, that Plaintiff's Amended Complaint be construed as raising claims for fraud and conspiracy to commit fraud. The remaining question, thus, is whether such claims should proceed in this Court while concurrently proceeding in the Underlying Case.

In *Colorado River*, the Court addressed two bases for federal courts to decline to exercise jurisdiction when a related case is also proceeding in state court. The first is the doctrine of abstention. "Abstention is appropriate 'in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law.'" *Colorado River*, 424 U.S. at 814 (citations omitted). "Abstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar" or when the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Id*. (citations omitted). However, under this second ground, abstention is not appropriate when "the state law to be applied appears to be settled," and "the mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." *Id*. at 815-816.[5]  Furthermore, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule":

> The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional cases where the order to the parties to repair the state court would clearly serve an important countervailing interest.

---

[5] The third basis for abstention, which is not pertinent hear, applies to invocation of federal jurisdiction for the purpose of restraining state criminal proceedings. *Id*. at 816-17.

11

*Id*. at 813 (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S 185, 188-89 (1959)). "'[I]t was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it.'" *Colorado River*, 424 U.S at 813-14 (quoting *Alabama Pub. Serv. Comm'n v. Southern R. Co.*, 341 U.S. 341, 361 (1951)).

The *Colorado River* Court also addressed the "principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." *Id*. at 817. These principles rest on "'[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" *Colorado River*, 424 U.S. at 817; *see also, id.* (reasoning that federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them).

"Before the *Colorado River* doctrine can be applied, the district court must first determine that the concurrent state and federal actions are actually parallel." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). "Exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Id*. at 340 (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (quotation marks and internal alterations omitted), which is the case when the claims "are predicated on the same allegations," *Id*.

12

If the actions are parallel, the *Colorado River* court held that, "[i]n assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forum." *Id*. at 818 (internal citations omitted). Following *Colorado River*, the Supreme Court has identified four additional factors to be considered in determining whether concurrent jurisdiction should be exercised: whether the source of governing law is state or federal; the adequacy of the state court action to protect the federal plaintiff's rights; the relative progress of the state and federal proceedings; and, the presence or absence of concurrent jurisdiction. *PaineWebber, Inc. v. Cohen*, 276 F.3d 197 (6th Cir. 2001) (citing *Romine*, 160 F.3d 337, 340-41 (6th Cir. 1998) (citing cases)). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Id*. at 818-19 (internal citations omitted). "Only the clearest of justifications will warrant dismissal." *Id*. at 819.

Upon review of the factors under the doctrine of abstention, it has been recommended herein that Plaintiff fails to allege any violations of the United States Constitution, and Plaintiff has not raised any such violations in the Underlying Case.[6] Further, this crux of this case is a straightforward property determination under Tennessee state law. It cannot be said, and

---

[6] Should the District Court determine that Plaintiff's claims for violations of the First and Fourteenth Amendment violations should not be dismissed, it is RECOMMENDED that abstention is nonetheless improper because the property determination in the Underlying Case would not moot these claims and because they are not presented at all, much less in a different posture, in the Underlying Case.

13

Plaintiff has failed to file a response to even argue, that it either presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar or that exercise of federal review of the question would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

As to the *Colorado River* factors pertaining to wise judicial administration, the Court should first consider whether the actions are in fact parallel. In the Underlying Case, the Tennessee Court of Appeals summarized that Plaintiff's case "requested that the trial court set aside the executor's deed and the Baker heirs' quit claim deeds and enter an order ejecting the Berryman family members from the Farm." *In re Estate of Hattie Faye Baker*, No. W2020-00460-COA-R3-CV (Tenn. Ct. App. Apr. 6, 2020). Here, three of Plaintiff's requests for relief contain parallel requests. (Am. Compl. at PageID 36-37, ¶¶ 1-8). In addition, Plaintiff purports to raise Section 1983 claims against Abernathy and Boals for violations of the First and Fourteenth Amendments and what it is recommended be construed as claims for fraud and civil conspiracy to commit fraud against all Defendants for working together and ultimately achieving the filing of incorrect documents in the records of the McNairy County Chancery Court. It has been recommended herein that Plaintiff's Section 1983 claims be dismissed as one has been raised against a non-state actor and the other has been raised against an individual with immunity.[7] As to the remaining fraud and civil conspiracy to commit fraud against all

---

[7] Should the District Court determine that Plaintiff's claims for violations of the First and Fourteenth Amendment violations should not be dismissed, it would be RECOMMENDED that the federal case is not parallel to the Underlying Case and that this Court should not decline to exercise jurisdiction under the *Colorado River* factors for wise judicial administration.

Defendants, Abernathy correctly argues that a court must first determine that the property determination was incorrect before it could determine that the Defendants unlawfully succeeded in having the property ownership incorrectly recorded. Thus, the central issue in the Underlying Case and the threshold issue in this case is the same. However, there are two differences in the federal case that must be considered.

First, Abernathy and Boals are not parties to the Underlying Case. "As a general rule, . . . 'parallel proceedings involve the same plaintiff against the same defendant.'" *Wright v. Linebarger Googan Blair & Sampson, LLP*, 782 F. Supp. 2d 593, 602 (W.D. Tenn. Mar. 22, 2011) (quoting *Total Renal Care, Inc. v. Childers Oil Co.*, 743 F. Supp. 2d 609, 614 (E.D. Ky. 2010). However, the Sixth Circuit has concluded that, when there is "congruence of both interests and allegations," the cases should be deemed parallel. *Romine*, 160 F.3d at 340. "'If the rule were otherwise, the *Colorado River* doctrine could be entirely avoided by the simple expedient of naming additional parties." *Id*. (quoting *Lumen Constr., Inc. v. Brant Constr. Co. Inc.*, 780 F.2d 691, 695 (7th Cir. 1985). Here, it is RECOMMENDED that there is a congruence of interests and allegations between the Underlying Case and this action because both hinge entirely upon the determination of the property ownership. Thus, it is RECOMMENDED that the cases are parallel for purposes of the *Colorado River* analysis.

Second, Plaintiff seeks damages in this Court that she has not sought in the Underlying Case. Abernathy argues that, "[h]aving lost her chance at obtaining real property in McNairy County . . . , she filed the instant case seeking monetary damages—but in the end, she still asks this Court to rule that she is the rightful owner of the real property at issue. Thus, Plaintiff seeks duplicative relief already sought in a case that is still pending in Tennessee." (Abernathy Mot. to

15

Dismiss at PageID 113-114).  Under *Colorado River*, preventing "piecemeal litigation" is one important consideration, and having both a federal court and a state court concurrently ruling upon a property determination that is squarely an issue of state law is not the most prudent use of judicial resources.  Furthermore, the state court certainly is able to adequately address Plaintiff's property rights, and the state action has proceeded significantly farther than this action.  Finally, Plaintiff's choice not to pursue damages in the state court action is not a basis for a federal court to undertake a duplicative action centered on Plaintiff's property rights under state law.  This is particularly the case when the property rights have been determined both by the McNairy County Chancery Court and the Tennessee Court of Appeals.  Although declining to exercise jurisdiction is a rare remedy, it is RECOMMENDED that it is appropriate here.  Accordingly, for the reasons set forth herein, it is RECOMMENDED that Plaintiff's fraud claim against Defendants be dismissed.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Abernathy's Motion to Dismiss Amended Complaint (D.E. #25), Boals' Motion to Dismiss Amended Complaint (D.E. #26); and Defendants Peggy Berryman, Kathy Berryman, and Timothy Baker's Motion to Dismiss (D.E. #38) be GRANTED.

**DATED** this 7th day of May, 2021.

                                          s/ Charmiane G. Claxton
                                          CHARMIANE G. CLAXTON
                                          UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**