# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**MARYKAY MUTTERS-EDELMAN,**

    **Plaintiff,**

v.                                                    No. 1:20-2455-STA-cgc

**TERRY ABERNATHY,**
**et al.,**

    **Defendants.**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## AND
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

Before the Court is the United States Magistrate Judge's Report and Recommendation (ECF No. 54) that the motion to dismiss of Defendant Terry Abernathy (ECF No. 25), motion to dismiss of Defendant Kimberly Boals (ECF No. 26), and motion to dismiss of Defendants Timothy Baker, Kathy Berryman, and Peggy Berryman (ECF No. 38) be granted. Plaintiff has filed objections to the Report and Recommendation, (ECF No. 56,) and Defendants have responded to those objections. (ECF Nos. 58, 59, 60.) Having reviewed the Magistrate Judge's Report and Recommendations *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report in its entirety for the following reasons.

The summary of the pleadings set out by the Magistrate Judge is not disputed.

This action arises from Plaintiff's allegations that she is one of the rightful heirs to 132 acres of farmland and a homestead located on Chewalla Road in McNairy County, Tennessee (the "Property"). On June 25, 2020, Plaintiff filed a pro se Complaint against Abernathy, Boals, Peggy Berryman, Kathy Berryman, and Baker (collectively "Defendants"). (D.E. #1). On August 7, 2020, Plaintiff filed

> an Amended Complaint pursuant to Rule 15(a)(1). (D.E. #10). Plaintiff's Amended Complaint alleges that she resides in Benton, Arkansas, that all Defendants reside in McNairy County, Tennessee, that the amount in controversy is in excess of $75,000, that jurisdiction is proper for her state claims on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, and that jurisdiction is proper for her federal constitutional claims pursuant to 28 U.S.C. § 1331.

(Rep. & Rec. p. 2, ECF No. 54.)

The Magistrate Judge also summarized the allegations of the amended complaint.

> On December 7, 1967, Brooks Derryberry "created an Estate by the Entireties in and to the entire interest in the Property . . . whereby he deeded his home and all real property to Rubye Derryberry and her heirs." (Am. Compl. ¶¶ 2-3 & Exh. 1) (the "Warranty Deed"). Brooks and Rubye Derryberry had no children. (Am. Compl. ¶ 14). Plaintiff is Brooks and Rubye Derryberry's niece. (Am. Compl. ¶ 14).
>
> Rubye Derryberry died in 1970. (Am. Compl. ¶ 4). Brooks Derryberry then married his second wife, Hattie Baker, in 1983. (Am. Compl. ¶ 5). Plaintiff alleges that, after his remarriage to Hattie Baker, Brooks Derryberry made no change to the Warranty Deed, "as it was his and his former wife's . . . intent for their real property to pass to [Rubye Derryberry's] heirs only." (Am. Compl. ¶ 5). Brooks Derryberry died in 1997. (*Id.* ¶ 4). Plaintiff alleges that Rubye Derryberry's heirs/remaindermen took constructive possession of the Property and maintained constructive possession going forward. (Id. ¶ 4).
>
> Hattie Baker died in 2015. (*Id.* ¶ 6). Thereafter, Plaintiff alleges that Peggy Berryman, Kathy Berryman, and Timothy Baker sought the assistance of Abernathy, an attorney, and Boals, the Clerk and Master of the McNairy County Chancery Court, "to unlawfully convey the real property to themselves" (*Id.* ¶ 6, 8). Plaintiff alleges that Defendants conspired to cause the unlawful removal of the Warranty Deed from the records of the McNairy County Courthouse and replaced it with an Executor's Deed with the notation "HATTIE BAKER ONLY HEIR." (*Id.* ¶¶ 1-2, 7-9, 11, 13). Plaintiff argues that this unlawful recording incorrectly reflects that Peggy Berryman, Kathy Berryman, and Timothy Baker, who are Hattie Baker's adult children, are the rightful owners of the Property. (*Id.*) Plaintiff alleges that, in an effort to conceal their unlawful activities, Abernathy and Boals "coached and aided" Peggy Berryman, Kathy Berryman, and Timothy Baker in the unlawful entry of two Quit Claim Deeds" whereby the Property was granted to Joshua Berryman and Anthony Berryman as tenants in common. (*Id.* ¶ 16). Although Plaintiff does not clearly identify these causes of action, it is RECOMMENDED that her Amended Complaint be construed to raise claims of fraud and civil conspiracy to commit fraud under Tennessee law.

> Plaintiff alleges that "there was no Notice (Due Process) provided to Plaintiff or any of the remaindermen by the Defendants of any proceedings in any Court relating to the taking of their real property in McNairy County, Tennessee." (*Id.* ¶ 10). Plaintiff alleges that, on two occasions, Boals refused to allow Plaintiff to file the unprobated will of Brooks Derryberry in violation of her First Amendment rights. (*Id.* ¶¶ 20, 21). Plaintiff further alleges that Abernathy emailed her a letter threatening to interfere with her First Amendment rights to free speech and "to make filings in the Court" if she complained of his fraudulent activities. (*Id.* ¶ 22). Plaintiff alleges that Abernathy's conduct constitutes an effort to intimidate and harass her and to prevent her from exercising her constitutional rights. (*Id.*)
>
> Plaintiff's Amended Complaint seeks the following relief: (1) judgment against each Defendant for monetary damages; (2) judgment against Peggy Berryman, Kathy Berryman, and Baker "striking the fraudulent Executor's Deed and associated Quit Claim Deeds, or reference thereto from all records at the McNairy County Courthouse"; (3) judgment "reinstating the Warranty Deed" in the McNairy County records; (4) judgment "directing the McNairy County Register and McNairy County Chancery Court to immediate process Plaintiff's Affidavit of Ownership in the Real Property" and "to cause all records associated with this real property to reflect that Plaintiff is an heir to Rubye Derryberry and a remainderman," as reflected in the Warranty Deed. (*Id.* at PageID 36-37, ¶¶ 1-8).

(*Id.* at pp. 2-4 (footnotes omitted).)

The Magistrate Judge determined that the "central issue" presented in Defendants' motions was whether Plaintiff's allegations have already been raised in McNairy County Chancery Court in *In re Hattie Faye Baker*, Number P-1252 (the "Underlying Case"), which, at the time that the Report and Recommendation was issued, was proceeding on appeal. (*Id.* at p. 5.) Defendants argued that, pursuant to the doctrine announced in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813-17 (1976), and its progeny, this Court should decline to exercise its jurisdiction. Defendants Abernathy and Boals also argued that the constitutional claims against them failed as a matter of law. (*Id.*) The Magistrate Judge found both arguments to be meritorious and has recommended that the three motions to dismiss be granted.

Plaintiff does not object to the recommendation of the Magistrate Judge that her claims be construed as claims of fraud and civil conspiracy under Tennessee state law. (Obj. p. 7, ECF No. 56.) Instead, her objections relate to the remaining portions of the Report and Recommendation. In essence, Plaintiff contends that the decision of the Tennessee Court of Appeals "presents questions bearing on substantial public imports necessitating federal review." (Obj. p. 6, ECF No. 56.) She states that the state court decision "conflicts with its prior decisions on [the] same issue" and, thus, "depriv[es] her of her Equal Protection of the Laws." (*Id.*)

The parties dispute whether the Court can rely on *Colorado River* in declining to accept jurisdiction over Plaintiff's state law claims. As noted by the Magistrate Judge, the *Colorado River* doctrine allows a federal court to abstain from exercising jurisdiction over a matter "in deference to a parallel state-court proceeding if abstention will best promote the values of efficient dispute resolution and judicial economy." *Gentry v. Wayne Cnty.*, 2010 WL 4822749 at *2 (E.D. Mich. Nov. 22, 2010). A two-part test is used in determining whether abstention is proper under *Colorado River*. First, the district court must find that the concurrent state and federal actions are parallel. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339–340 (6th Cir. 1998). If the actions are parallel, the district court must consider various factors in determining whether abstention is warranted.[1] *Id.* at 340–341. As the parties contesting jurisdiction, it is

---

[1] While declining to prescribe a "hard and fast rule," the Supreme Court has set out six factors that may be considered and weighed in determining whether exceptional circumstances exist that would permit a federal district court to decline exercising jurisdiction: (1) assumption by either court over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Wilton v. Seven Falls Co.*, 55 U.S. 277, 285-86 (1995).

Defendants' burden to prove that abstention is proper. *See Answers in Genesis of Ky., Inc. v. Creation Ministries, Int'l, Ltd.*, 556 F.3d 459, 467 (6th Cir. 2009).

As for the first step, to show parallelism, Defendants must demonstrate that "(1) the parties are substantially similar and (2) [Plaintiff's] claims against [Defendants] are predicated on the same allegations as to the same material facts." *Doe v. Ann Arbor Pub. Schools*, 2012 WL 1110015 at *3 (E.D. Mich. April 3, 2012). Defendants have made this showing.

However, at the second step the Court cannot find that abstention is warranted because the Tennessee Court of Appeals affirmed the decision of the McNairy County Chancery Court, *In re Est. of Baker*, 2021 WL 1265166 (Tenn. Ct. App. Apr. 6, 2021), and the time for Plaintiff to file for permission to appeal to the Tennessee Supreme Court has expired under Tennessee Rule of Appellate Procedure 11.[2] Consequently, there is no longer a pending state court action to which this Court can defer. *See Chellman–Shelton v. Glenn*, 197 F. App'x 392, 394395 (6th Cir. 2006) (finding that the district court erred in abstaining, because, "[w]hen the district court abstained, the related state court action between these parties had already concluded, so there was no pending state court proceeding to which the district court could defer"); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 329 (6th Cir.1998) (When "there is no presently ongoing state proceeding parallel to the federal case, the exceptional circumstances necessary for *Colorado River* abstention do not exist.").

However, even though *Colorado River* does not apply, this Court finds that the doctrine of collateral estoppel provides support for the dismissal of the state law claims. Collateral estoppel applies when "(1) the law of collateral estoppel in the state in which the issue was litigated would preclude relitigation of such issue, and (2) the issue was fully and fairly litigated

5

in the state court." *In re Markowitz*, 190 F.3d 455, 461 (6th Cir. 1999).  In Tennessee, "[o]nce an issue has been actually or necessarily determined by a court of competent jurisdiction, the doctrine of collateral estoppel renders the determination conclusive on the parties and their privities in subsequent litigation, even when the claims or causes of action are different." *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 179 (Tenn. Ct. App. 2000). That is, the doctrine "bars the same parties or their privies from relitigating in a later proceeding legal or factual issues that were actually raised and necessarily determined in an earlier proceeding." *Mullins v. State*, 294 S.W.3d 529, 534 (Tenn. 2009)

> To prevail on collateral estoppel claim, the party asserting the doctrine must establish:
>
> (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

*Id.* at 535 (citations omitted).

Here, Plaintiff attempts to re-argue matters that have been determined by the Tennessee Court of Appeals. The parties are the same, except for Defendant Boals, and the issues are the same.  Plaintiff had "a full and fair opportunity" both in the McNairy Chancery Court and in the Tennessee Court of Appeals "to contest the issue now sought to be precluded."

The Court of Appeals found that Plaintiff "claims an interest in the estate of the second wife of her uncle, who was originally married to the petitioner's aunt. Because the property at issue was held by the petitioner's aunt and uncle as a tenancy by the entireties, the uncle owned

---

[2] This time had not expired at the time that the Magistrate Judge issued the Report and Recommendation.

the property in fee simple upon the aunt's death. We conclude that the petitioner's claim is without merit, and we affirm the decision of the trial court." *In re Est. of Baker*, 2021 WL 1265166 at *1. The Court of Appeals looked at the law in Tennessee concerning deed interpretation in finding that Plaintiff has no interest in the real property in question in that case and in the present case. "Contrary to the apparent assumption underlying some of Petitioner's arguments, Mr. Derryberry did not hold a life estate upon Rubye's death. Rather, in accordance with the law pertaining to a tenancy by the entireties, he held the Farm in fee simple. … We agree and conclude that the reasonable interpretation of the language used in the 1967 deed is that the instrument conveyed a tenancy by the entirety, thereby depriving Petitioner of any interest in the Farm." *Id.* at *4. The Court rejected Plaintiff's allegations of fraud.

> The assertions of fraud made in the petition are irrelevant because the 1967 deed is the determinative document. Conclusory statements of fraud do not constitute factual allegations entitled to the presumption of truth. If we assume the truth of Petitioner's underlying factual assertions, they do not change the outcome of the case. At Rubye's death, Mr. Derryberry obtained fee simple ownership of the Farm and Petitioner and her family had no legal interest in the subsequent disposition of the property.
>
> The allegations of fraud and theft in the complaint stem from Petitioner's erroneous view of the law and are without merit.

*Id.* at *5.

This Court finds that Plaintiff is collaterally estopped from re-litigating the issue of the ownership of Mr. Derryberry's farm because that issue has been determined by the Tennessee Court of Appeals. And, just as the state court found, this Court also finds that Plaintiff's allegations of fraud "stem from [her] erroneous view of the law and are without merit."

Plaintiff argues that the Court of Appeals decision was contrary to prior state court decisions. Federal courts do not sit as appellate courts for state courts that have decided matters of state law. A federal court deciding a diversity case under state law must apply the law of the

7

state's highest court, and, if the state's highest court has not decided the applicable law, the federal court must ascertain the state law from "all relevant data." *Bailey v. V. & O Press Co.*, 770 F.2d 601, 604 (6th Cir.1985). A state's intermediate appellate court decision is a "datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *FL Aerospace v. Aetna Casualty & Sur. Co.*, 897 F.2d 214, 218–19 (6th Cir.) (quoting *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)). In the present case, Plaintiff has pointed to no law to indicate that the Tennessee Supreme Court would have made a decision contrary to that of the Court of Appeals. Because the Tennessee Court of Appeals found against Plaintiff on an issue central to the present case, this Court is collaterally estopped from making a different determination.

As noted by Defendants, Plaintiff has not made specific objections to the Magistrate Judge's recommendation that the First Amendment and due process claims be dismissed. Accordingly, the Court adopts that portion of the Report and Recommendation on this ground.

In summary, Plaintiff's objections are **OVERRULED**, the Report and Recommendation of the Magistrate Judge is **ADOPTED** in its entirety, and the motions to dismiss of Defendant Terry Abernathy (ECF No. 25), Defendant Kimberly Boals (ECF No. 26), and Defendants Timothy Baker, Kathy Berryman, and Peggy Berryman (ECF No. 38) are **GRANTED**. Judgment will be entered in favor of Defendants.[3]

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate

---

[3] To the extent that any claims remain against the unserved Doe Defendants, those claims are dismissed without prejudice.

8

Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that Defendants are entitled to dismissal but the action has sufficient merit to support an appeal *in forma pauperis*. The same considerations that lead the Court to grant Defendants' motions to dismiss also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**.[4]

---

[4] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this court copies of documents intended for filing in the Sixth Circuit.

Accordingly, if Plaintiff files a notice of appeal, she must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED.

          **s/ S. Thomas Anderson**
          S. THOMAS ANDERSON
          CHIEF UNITED STATES DISTRICT JUDGE

Date:  June 14, 2021.